Charles Edward Pool v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-365-CR
&
No. 10-97-366-CR

     CHARLES EDWARD POOL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 213th District Court
Tarrant County, Texas
Trial Court Nos. 0626562D & 0626563D 
                                                                                                                

O P I N I O N
                                                                                                                

      Charles Edward Pool was indicted for sexual assault of a child under seventeen. He was
indicted under a separate instrument for aggravated sexual assault with a child under fourteen and
sexual assault of a child under seventeen.


 The indictments alleged conduct against the same child,
but on different dates. The cases were joined for all purposes at trial. A jury found Pool guilty
of sexual assault of a child in each case and sentenced him to two concurrent twenty-year prison
terms. Tex. Pen. Code Ann. § 22.011 (Vernon 1994 & Supp. 1998). He appeals, presenting
one issue for review. His sole complaint challenges the trial court’s decision to admit evidence
of a continuing sexual relationship beyond the victim’s seventeenth birthday. Finding evidence
of such extraneous offenses admissible under article 38.37 of the Code of Criminal Procedure, we
find no error and affirm the judgment.



FACTS
      In 1991, when J.C. was approximately thirteen years old, Pool, her stepfather, began to
molest her by touching her inappropriately. This behavior escalated until, in 1993, when she was
fifteen, he forced her to have sexual intercourse. After several months, J.C. ran away from home. 
She stayed with a boyfriend and his parents, eventually telling them that Pool had been assaulting
her. J.C. then reported the activity to the police. Pool denied the accusations, and J.C. dropped
the complaint. At sixteen, J.C. moved with Pool, her mother, and her siblings to Alabama. Pool
continued to assault her. At seventeen, J.C. discovered that she was pregnant. In 1996, after
giving birth to a son, she returned to Tarrant County and reasserted the charges against Pool. 
DNA tests revealed that Pool is the father of the child. 
ARTICLE 38.37
      In his sole issue for review, Pool complains that the court allowed evidence of a continuing
sexual relationship between him and J.C. after her seventeenth birthday, specifically detailing the
fact that she gave birth to Pool’s son. Pool argues that evidence of such an extraneous offense is
not admissible under article 38.37, the basis relied upon by the court in overruling his objections.
      Article 38.37 of the Code of Criminal Procedure provides, in part:
Sec. 1. This article applies to a proceeding in the prosecution of a defendant for an offense
under the following provisions of the Penal Code, if committed against a child under 17 years
of age:
            (1) Chapter 21 (Sexual Offenses);
            (2) Chapter 22 (Assaultive Offenses);
            (3) Section 25.02 (Prohibited Sexual Conduct);
            (4) Section 43.25 (Sexual Performance by a Child); or
            (5) an attempt or conspiracy to commit an offense listed in this section.
Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of
other crimes, wrongs, or acts committed by the defendant against the child who is the victim
of the alleged offense shall be admitted for its bearing on relevant matters, including:
            (1) the state of mind of the defendant and the child; and
            (2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 1998). 
      The “act” challenged by Pool is the assault which resulted in J.C.’s pregnancy. It is
undisputed that Pool is being prosecuted for one of the crimes enumerated in section one of article
38.37; thus, this is a proceeding in which article 38.37 applies. It is likewise undisputed that J.C.
is the “child under 17 years of age” and is the “victim of the alleged offense” for which Pool is
being prosecuted. 
      The dispute lies within the interpretation of section 2 of article 38.37. Under the plain
language of section 2, the disputed testimony is admissible if it involves evidence of other crimes,
wrongs, or acts committed by Pool against “the child who is the victim of the alleged offense.” 
Thus, evidence of the extraneous offense is admissible if it is relevant and was committed against
J.C.


 The disputed evidence bears directly on the “subsequent relationship” between Pool and
J.C. As such, it was properly admitted. We find no requirement in the statute that the “victim
of the alleged offense” be under seventeen years of age at the time the “other crimes, wrongs, or
acts” were committed. Issue one is overruled.



      The judgment is affirmed.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 21, 1998
Publish